# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORDY RICE,<br><br>    Plaintiff,<br><br> v.<br><br>S. VELASQUEZ, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00867-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS AND COMPLAINT, AS PREMATURE<br><br>(ECF No. 9)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT, OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Kordy Rice is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court on June 30, 2017. (ECF No. 4.)

Currently before the Court are Plaintiff's motion for service of the summons and complaint, filed on February 20, 2018, (ECF No. 9), and Plaintiff's complaint for screening.

1

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff names the following defendants, all of whom are employed at California State Prison-Corcoran ("CSP-Corcoran"): (1) S. Velasquez, a psychiatric technician (2) V. Resendez, psychiatric technician; (3) Jane Doe 1, psychiatric technician; (4) Jane Doe 2, a psychiatric technician; (5) Correctional Officer Briones; (6) Correctional Officer "Gryce/Bryce."

Plaintiff alleges as follows: On March 13, 2016, Plaintiff tried to alert two psychiatric technicians that he felt suicidal. Both Jane Doe #1 and #2 ignored him. Plaintiff asked a correctional officer to call them back. When they both returned, Plaintiff told them he was depressed and suicidal. Plaintiff felt like slicing his wrists. Plaintiff asked to talk to a doctor.

Jane Doe #1 said that if Plaintiff felt the same way, let a nurse know at noon medication pass. This took place around 7:00 a.m. They told Plaintiff that no doctors were there on the weekend. They left from Plaintiff's cell.

Plaintiff stopped the first correctional officer to do a welfare check. Officer Briones looked at Plaintiff's bleeding wrists and said, "Oh, you're bleeding." She then walked away. Plaintiff covered the windows of his cell, prohibiting any outsider from looking in his cell.

Multiple welfare checks were done by other correctional officers. Each check was thirty minutes apart. Four to six welfare checks were done.

Finally, Officer Ferrera did a welfare check. She called Plaintiff's name, and he did not respond. She then opened Plaintiff's food tray slot. At that point, she ordered Plaintiff to remove his window coverings. Plaintiff did, then he showed her his right wrist with approximately nine cuts on it. Plaintiff was then taken by ambulance for medical treatment. Plaintiff received a wound dressing.

## IV.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond

to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Liberally construed, Plaintiff states a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Jane Doe #1 and #2, for ignoring his requests for medical care for his suicide threats, and against Defendant Briones for ignoring his bleeding, cut wrists.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis, as his complaint must put each defendant on notice of the claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

Here, Plaintiff has pleaded no allegations concerning any actions or inactions by Defendants Velasquez, Resendez, or "Gryce/Bryce" that deprived him of his constitutional rights. Therefore, he does not state a claim against these defendants.

Plaintiff has attached some documents to his complaint which suggest that Defendant Velasquez and Defendant Resendez are "Jane Doe #1" and "Jane Doe #2," and that they may have

4

been psychiatric technicians who failed to respond to his suicide threats on March 16, 2016. If this is what Plaintiff intends to state, then Plaintiff must substitute these defendants for the Jane Doe defendants. The attachments also suggest that Defendant "Gryce/Bryce" may have been an officer who did a welfare check on Plaintiff.

The Court cannot assume what Plaintiff's allegations are based on the attachments, however. Plaintiff must plead the necessary facts to show what actions or inactions each defendant did or did not do that violated his rights, and he must identify them. Plaintiff should determine whether he intends to name Officer "Gryce" or "Bryce" as a defendant. Although Plaintiff may attach exhibits, he is not required to do so, and they do not substitute for allegations. Any exhibits must be identified and incorporated into the pleading. Plaintiff will be granted an opportunity to amend his complaint, if he desires.

**C. Doe Defendants**

Plaintiff has named unidentified or "Jane Doe" defendants. Generally, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**V.**

**MOTION FOR SERVICE OF SUMMONS AND COMPLAINT**

Plaintiff requests to proceed with service of process of the complaint and summons in this action. (ECF No. 9.) As noted above, the complaint states a cognizable claim, but also has some curable deficiencies. Plaintiff will be granted an opportunity to amend or to proceed with the cognizable claim. Until the complaint is finalized, service of process cannot yet be initiated. Accordingly, Plaintiff's motion will be denied, as premature.

**VI.**

**CONCLUSION**

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable claim for deliberate indifference to a serious medical need in violation of the Eight Amendment against

Defendants Jane Doe #1, Jane Doe #2, and Officer Briones. The Court has also identified deficiencies in the complaint, as explained above.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The Court will then recommend to a district judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to **25 pages** in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for service of summons and complaint, filed on February 20, 2018 (ECF No. 9) is denied;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

   a. an amended complaint, limited to **25 pages** in length, or

///

        b. a notice of his intent to proceed upon the cognizable claim identified in this order; and,

    4. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: **July 10, 2018**

                                            UNITED STATES MAGISTRATE JUDGE